(89 South. 710)

## CHARLTON v. ALABAMA GREAT SOUTHERN R. CO. (2 Div. 729.)

(Supreme Court of Alabama. June 30, 1921.)

1. Railroads ⬤5½, New, vol. 6A Key-No. Series—Corporation not suable for acts of federal Railroad Administrator.

Under Federal Control Act, § 10 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115¾j), railroad corporations cannot be sued for the wrongful acts or omissions of the Railroad Administrator in the operation of transportation systems during the period of governmental control.

2. Courts ⬤97(5)—Decision of federal Supreme Court as to suit against Director General controlling.

Where Supreme Court of United States has decided that under Federal Control Act, § 10 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115¾j) suit should be against Director General, contrary decisions of state court must give way.

3. Appeal and error ⬤1036(1)—Though defendant railroad company should have been dismissed from case, reversal will not follow, where judgment went for defendant.

Though court committed error in permitting suit against government controlled railroad, reversal will not follow, where the court rendered judgment for defendant on the merits.

Appeal from Circuit Court, Sumter County; R. I. Jones, Judge.

Action by Wiley Charlton against the Alabama Great Southern Railroad Company for damages suffered in a collision at a crossing with a train of cars of the defendant. Judgment for the defendant, and the plaintiff appeals. Affirmed.

It is alleged that the accident occurred on April 26, 1918, and that the defendant railroad company "was operating trains on its railroads through the town of York, Ala." and that "one of its trains" ran against the wagon on which plaintiff was riding. The action was brought on September 30th, and on December 12, 1918, the railroad company filed its motion "in⸱ accordance with General Order No. 50, dated October 28, 1918, issued by W. G. McAdoo, Director General of Railroads," to substitute said Director General as a party defendant in the cause and to dismiss the railroad as a party defendant. On December 12, 1918, motion was overruled. On October 22, 1919, plaintiff amended his complaint by making Walker D. Hines, Director General of Railroads, a party defendant, and on April 20, 1920, again amended the complaint by striking said Hines as a party defendant, and the cause proceeded to trial with the railroad company as sole defendant, and there were verdict and judgment for the defendant.

Frank S. White & Son, of Birmingham, B. F. Elmore, of Demopolis, and Thomas F. Seale, of Livingston, for appellant.

Counsel discuss the various errors assigned relative to matters happening upon the trial; but, in view of the opinion, it is not deemed necessary to ·here set them out. Defendant was liable to plaintiff, notwithstanding the operation of the railroad by the Director General of Railroads. 189 Ala. 604, 66 South. 580; 17 Wall. 445, 21 L. Ed. 675; 85 Ala. 600, 5 South. 353; 129 Ala. 483, 29 South. 775; Elliott on Railroads, § 475; 204 Ala. 150. 85 South. 372; 233 Mass. 162, 123 N. E. 621; 106 Misc. Rep. 58, 174 N. Y. Supp. 60; 81 South. 417; 42 N. D. 269, 172 N. W. 841, 4 A. L. R. 1635; 143 Minn. 74, 172 N. W. 918, 4 A. L. R. 1659; 93 Vt. 92, 106 Atl. 587; 180 Ky. 290, 202 S. W. 878; 202 S. W. 179; (D. C.) 255 Fed. 795; (C. C. A.) 255 Fed. 850; 162 Ala. 570, 50 South. 293.

Smith, Wilkinson & Smith, of Birmingham, for appellee.

The defendant was entitled to the affirmative charge since the railroad was not being operated by the corporation, but by the Director General of Railroads. 204 Ala. 350, 85 South. 765; 210 Mich. 409, 178 N. W. 232; 208 Mich. 403, 175 N. W. 580, 8 A. L. R. 964; 203 Ala. 675, 85 South. 10; 84 South. 864; 250 U. S. 135, 39 Sup. Ct. 502, 63 L. Ed. 897; (C. C.) 70 Fed. 279; (D. C.) 258 Fed. 945; (D. C.) 258 Fed. 952; (D. C.) 259 Fed. 361; (D. C.) 260 Fed. 280; 113 S. C. 188, 101 S. E. 926; 112 S. C. 407, 99 S. E. 846, 8 A. L. R. 959; (Tex. Civ. App.) 219 S. W. 245; (Tex. Civ. App.) 219 S. W. 252; 189 Ky. 309, 224 S. W. 847; 84 South. 556.

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SOMERVILLE, J. [1] In the case of Missouri Pacific R. R. Co. et al. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. ——, recently decided by the Supreme Court of the United States (June 1, 1921), that court has decided that railroad corporations cannot be sued or held liable for the wrongful acts or omissions of the railroad administrator in the operation of their several transportation systems during the period of governmental control. That decision rests upon the proposition that the authority given by section 10 of the Federal Control Act (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115¾j) to bring actions at law or suits in equity against "carriers" while under federal control cannot be construed as authorizing suits against the several railroad corporations, who had nothing to do with the operation of their lines, but must be construed as authorizing suits against the government or its agency, as the only responsible operator of the several transportation systems. The conclusion is thus stated by Mr. Justice Brandeis, speaking for the court :

"As the Federal Control Act did not impose any liability upon the companies on any cause of action arising out of the operation of their systems of transportation by the government, the provision in Order No. 50 authorizing the substitution of the Director General as defendant in suits then pending within his power, the application of the Missouri Pacific Railroad Company that it be dismissed from this action should have been granted; and the judgment against it should therefore be reversed."

[2, 3] That decision must control here, and we therefore hold that defendant's motion for the substitution of the Director General should have been granted, and that defendant should have been dismissed from the suit. As a matter of law the defendant corporation was not liable on the cause of action exhibited, and it is not now material to consider whether error was committed by the trial court in any of the rulings complained of, since, in any event, it was error without injury. In such a case we will not reverse but will affirm the judgment appealed from, as being in accordance with the law of the case.

Our cases of L. & N. R. R. Co. v. Johnson, 204 Ala. 150, 85 South. 372, and Crim v. L. & N. R. R. Co., 89 South. 376,[1] are not in accord with the ruling of the federal Supreme Court, and on the point in question they must be overruled.

The judgment of the circuit court will be affirmed.

Affirmed.

All the Justices concur.

THOMAS, J. (concurring.) Whenever the question has been presented, I have maintained that the sovereign must be sued for tort by consent, and therefore upon its own terms (Moon v. Hines, 205 Ala. 355, 87 South. 603, 13 A. L. R. 1020); that when the United States took over transportation properties of corporations and persons and operated the same there was no divided control; and that under the Federal Control Transportation System Act (and section 10 thereof) and orders of the Directors General of Railroads, no authority for suit for a tort was given against the corporation or owner, the result of the government's operation of such transportation properties. See my dissenting opinion in Crim v. L. & N. R. R. Co., 89 South. 376,[2] L. & N. R. R. Co. v. Heidtmueller, 89 South. 191,[3] L. & N. R. R. Co. v. Holmes, ante, p. 304, 89 South. 610, and the opinion of this court in Moon v. Hines, supra.