(90 South. 900)

## LOUISVILLE & N. R. CO. et al. v. SHIKLE.
### (6 Div. 405.)

(Supreme Court of Alabama. Oct. 20, 1921.)

**1. United States** ⬥125—Conditions governing bringing suit against sovereign stated.

A sovereign may prescribe the terms on which the right to be sued is granted, and the manner in which the suit shall be conducted, and modify such conditions or consent, or withdraw the same whenever it' is supposed that justice to the public requires.

**2. Evidence** ⬥20(2), 34, 45, 46 — Judicial knowledge taken of federal statutes, President's proclamations, appointment of and orders by Director General of Railroads, and of governmental control.

Courts take judicial knowledge of federal statutes having application, the President's proclamations, the appointment of and orders by the Director General of Railroads, the President's designation of an agent against whom suits might be brought within two years from the date of the passage of act putting carriers under federal control, and that government had control of, and was operating, pursuant to law, the transportation facilities and properties of railroads September 15, 1918.

**3. Evidence** ⬥52—Pleading ⬥6—Facts judicially known need not be pleaded or proved.

Facts judicially known need not be pleaded or proved.

**4. Railroads** ⬥5½, New, vol. 6A Key-No. Series—Venue of suit for injuries during federal control held improper.

Under General Orders 18–A and 26, regulating venue of suits against carriers under federal control, *held* error to sustain a demurrer to a plea in abatement in a suit against a railroad company for personal injuries showing that it was begun in a county other than that in which the plaintiff resided and in which the injury occurred.

**5. Railroads** ⬥5½, New, vol. 6A Key-No. Series—Company not suable for injuries during government control.

A suit against a railroad company for personal injuries received during federal control, terminated by Transportation Act of February 28, 1920, *held* subject to dismissal as to the company.

**6. Railroads** ⬥5½, New, vol. 6A Key-No. Series—Substitution of federal agent as defendant held properly refused.

In a suit for personal injuries sustained during federal control, brought against a railroad company before the termination of federal control by Transportation Act of February 28, 1920, defendant cannot complain that it was error to refuse to permit the agent designated by the President under section 206 of the act to be substituted as defendant after the termination of federal control.

**7. Railroads** ⬥5½, New, vol. 6A Key-No. Series—Government party defendant in suit for injuries arising under federal control.

In a suit for personal injuries sustained during federal control brought against a rail-road company before the termination of federal control by the Transportation Act of February 28, 1920, failure to make the government a party defendant was error.

**8. Appeal and error** ⬥435—Failure to serve summons on codefendant held not to invalidate appeal, in view of appearance of codefendant.

Under act of April 21, 1911 (Laws 1911, p. 589), providing for an appeal by a party defendant without taking it in the name of codefendants by serving summons on the non-appealing party to appear and unite in the appeal, where a carrier appealed from a judgment and had a citation of the appeal left with plaintiff's attorneys of record, but the summons of appeal was not served upon its codefendant, an indorsement in the transcript that the codefendant appealed and adopted the assignments of error made by the appealing defendant cured the defect, if any.

Appeal from Circuit Court, Cullman County; Robt. C. Brickell, Judge.

Action by W. M. Shikle against the Louisville & Nashville Railroad Company and another. From judgment for plaintiff, defendants appeal. Reversed and remanded.

Eyster & Eyster, of Albany, and A. A. Griffith, of Cullman, for appellants.

The plea in abatement was good under the General Orders of the Director General of Railroads and Acts 1919, p. 240. (D. C.) 253 Fed. 676. The motion to substitute the Director General as the party defendant, or to dismiss the cause, should have been granted. (C. C. A.) 267 Fed. 171; (D. C.) 258 Fed. 945; (D. C.) 260 Fed. 280. See, also, Transportation Act Feb. 28, 1920, § 206; (Tex. Civ. App.) 219 S. W. 252; (Fla.) 86 South. 695; 210 Mich. 409, 178 N. W. 232.

Brown & Denson, of Birmingham, and Paine Denson, of Cullman, for appellee.

Hill was not a party to the appeal, and cannot join in the assignment of error. Section 2484, Code 1907; Acts 1911, p. 589, as amended; 203 Ala. 115, 82 South. 129; 196 Ala. 132, 72 South. 25. The court properly sustained demurrers to the plea in abatement. 14 Ala. App. 287, 69 South. 993; 136 Ala. 631, 34 South. 10, 96 Am. St. Rep. 82; 137 Ala. 414, 34 South. 997; 205 Ala. 343, 87 South. 323; 148 Ala. 613, 42 South. 993; section 232, Const. 1901; 200 Ala. 496, 76 South. 438. When this case was tried, the reason for the rules laid down in the General Orders had ceased, and in any event the Director General had exceeded his powers in issuing these General Orders, and they were without effect. (D. C.) 254 Fed. 875; 210 S. W. 283; 106 Misc. Rep. 58, 174 N. Y. Supp. 60; 84 Miss. 706, 37 South. 117; 180 N. C. 219, 104 S. E. 534; 216 S. W. 244.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

THOMAS, J. The suit, brought on September 13, 1919, in Cullman county, for personal injury alleged to have been sustained on September 15, 1918, in Jefferson county, resulted in judgment for, plaintiff. The count as amended was by appellee against Louisville & Nashville Railroad Company, a body corporate, and Berry Hill, the servant in charge at the point of injury.

The judgment entry recites that demurrer was sustained to defendant's plea in abatement, said plea being—

"That this court is without jurisdiction to try and determine this cause, for that the plaintiff has a permanent residence in Jefferson county, Alabama, and the acts or omissions complained of, or the injury for which this suit is instituted, occurred in Jefferson county, Alabama, and this defendant avers it does business by agent in Jefferson county, Alabama, and can be sued in said county."

[1] A general statement of public policy underlying decisions touching suits against the sovereign is that it may prescribe the terms on which the right to be sued is granted, and the manner in which the suit shall be conducted, and may modify such conditions or consent, or withdraw the same whenever it is supposed that justice to the public requires. Moon v. Hines, 205 Ala. 355, 87 South. 603, 13 A. L. R. 1020; Elmore v. Fields, 153 Ala. 345, 45 South. 66, 127 Am. St. Rep. 31; U. S. v. Clarke, 8 Pet. 436, 8 L. Ed. 1001; Murray v. Hoboken, etc., Co., 18 How. 272, 15 L. Ed. 372; Beers v. Arkansas, 20 How. 527, 15 L. Ed. 991; U. S. v. O'Keefe, 11 Wall. 178, 20 L. Ed. 131; Finn v. U. S., 123 U. S. 227, 8 Sup. Ct. 82, 31 L. Ed. 128; Austin v. U. S., 155 U. S. 417, 15 Sup. Ct. 167, 39 L. Ed. 206; Ball v. Halsell, 161 U. S. 72, 16 Sup. Ct. 554, 40 L. Ed. 622.

[2, 3] We take judicial knowledge of the federal statutes having application, the President's proclamations, the appointment of and orders by .the Director General of Railroads; the President's designation of an "Agent" against whom suits might be brought within two years from the date of the passage of the act; of the fact that the government had control of, and was operating, pursuant to law, the transportation facilities and properties of the Louisville & Nashville Railroad Company at the time and place of plaintiff's injuries. For President's proclamations of December 26, 1917, and April 11, 1918, see U. S. Comp. St. 1918, pp. 274, 275; Moon v. Hines, supra; Crim v. L. & N. (Ala. Sup.) 89 South. 376;[1] Webb v. White Eng. Corp., 204 Ala. Sup. 429, 85 South. 729. Facts judicially known need not be pleaded and proved. Moon v. Hines, supra.

The necessity for exclusive government control and operation of the transportation systems of corporations and private individuals during the war was stated by President Wilson in his address of January 4, 1918, before a joint session of Congress, and he was supported in his view by the construction of the act of Congress given by the courts. Nor. Pac. v. Nor. Dak., 250 U. S. 135, 39 Sup. Ct. 502, 63 L. Ed. 897; Mo. Pac. & Hines v. Ault, No. 252, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 647; Moon v. Hines, supra. See authorities collected in Crim v. L. & N., supra, ante, p. 110, 89 South. 376, and L. & N. v. Heidtmueller, ante, p. 29, 89 South. 191.

[4] A pertinent provision of General Order No. 18 of Mr. W. G. McAdoo, Director General of Railroads, issued April 9, 1918, is:

"It-is therefore ordered, that all suits against carriers while under federal control must be brought in the county or district where the plaintiff resides, or in the county or district where the cause of action arose."

This order was amended by General Order No. 18-A, issued April 18, 1918, as follows:

"It is therefore ordered that all suits against carriers while under federal control must be brought in the. county or district where the plaintiff resided at the time of the accrual of the cause of action or in the county or district where the cause of action arose." 2 Roberts, Fed. Liab. of Carriers, pp. 1700, 1701.

The conditions of suit and its prosecution to judgment were thereafter dealt with in General Order 26. A consideration of General Orders numbered 18 and 18-A must be in connection with General Order 26 (May 23, 1918), which is an amplification or interpretation of said foregoing orders. It is therein recited by way of preamble:

"* * * That there are now pending against carriers under federal control a great many suits for personal injury * * * being pressed for trial by the plaintiffs in states and jurisdictions far removed from the place" where the persons alleged to have been injured or damaged resided at the time of such injury or damage, or far remote from the place where the causes of action arose; "the effect of such trials being that men operating the trains engaged in hauling war materials, troops, munitions, or supplies are required to leave their trains and attend court as witnesses, and travel sometimes for hundreds of miles from their work, necessitating absence from their trains for days and sometimes for a week or more, which practice is highly prejudicial to the just interests of the government, and seriously interferes with the physical operation of railroads; and the practice of trying such cases during federal control in remote jurisdictions is not necessary for the protection of the rights or the just interests of plaintiffs"; and it was "ordered that upon a showing by the defendant carrier that the just interests of the government would be prejudiced by a present trial of any suit against any carrier under federal control which suit is not covered by General Order No. 18, and which is now pending in any county or district other than where the cause of action arose or other than in which

[1] Ante, p. 110.

the person alleged to have been injured or damaged at that time resided, the suit shall not be tried during the period of federal control: Provided, if no suit on the same cause of action is now pending in the county or district where the cause of action arose, or where the person injured or damaged at that time resided, a new suit may, upon proper service, be instituted therein; and if such suit is now barred by the statute of limitations, or will be barred before October 1, 1918, then the stay directed by this order shall not apply unless the defendant carrier shall stipulate in open court to waive the defense of the statute of limitations in any such suit which may be brought before October 1, 1918." 2 Roberts, p. 1709.

A just application of the foregoing general governmental rules or requirements was made in Cocker v. N. Y., etc., Co. (D. C.) 253 Fed. 676, where it was declared that under General Order No. 26, upon a showing that the interests of the government will be prejudiced by a present trial of action against a carrier under federal control pending in a county or district other than where the cause of action arose or where the plaintiff then resided, a stay of action may be granted, dependent upon the circumstances of each case; the primary consideration being the situation of the government relative to railroad witnesses leaving their work, etc. Norton v. Hines, ante, p. 134, 89 South. 277.

[5] Though there was error in sustaining demurrer to defendant's plea in abatement, the reversal is not rested solely upon this ruling. The record shows that the defendant Louisville & Nashville Railroad Company moved to dismiss the cause as to it on stated grounds of government control at the time of the injury and when the suit was brought (Gen. Orders No. 50 and 50–A); the Transportation Act of February 28, 1920 (41 Stat. 456), the designation and appointment of John Barton Payne "as the proper Agent against whom the cause of action alleged in plaintiff's complaint should be brought and maintained," and that said suit may not be maintained against the defendant corporation, etc. The judgment entry recites of this that:

"Thereupon the defendant Louisville & Nashville Railroad Company files motion to dismiss this cause as to them, which said motion being submitted to the court, and duly considered and understood by the court, it is ordered and adjudged by the court that said motion be, and hereby is, overruled. Thereupon defendant files motion to substitute John Barton Payne, Agent, as defendant, which said motion being submitted to the court, and duly considered by the court, it is ordered and adjudged by the court that said motion be, and hereby is, overruled. Thereupon defendant files demurrers to the complaint, which said demurrers being submitted to the court, and duly considered and understood by the court, it is ordered and adjudged by the court that said demurrers be, and hereby are, overruled."

The several grounds of demurrer challenge the sufficiency of the complaint against defendant corporation for an injury sustained during and as the result of government operation of the transportation properties of the Louisville & Nashville Railroad Company, and for which suit was sought to be maintained against the corporation, and not against the government or its designated Agent, when the corporation's transportation properties were under government control.

The case was tried October 19, 1920. Congress had passed the Transportation Act on February 28, 1920 (Moon v. Hines, supra), and it was in full force and effect; and under section 206 of said act—subdivisions (a), (d), and (e)—John Barton Payne, as the designated Agent of the government, was the proper party to defend a suit against the United States for a tort committed in transportation. It is therein provided:

"(a) Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the act of August 29, 1916) of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act. Such actions, suits, or proceedings may, within the periods of limitation now prescribed by state or federal statutes but not later than two years from the date of the passage of this act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier. * * *

"(d) Actions, suits, proceedings, and reparation claims, of the character above described pending at the termination of federal control shall not abate by reason of such termination, but may be prosecuted to final judgment, substituting the agent designated by the President under subdivision (a).

"(e) Final judgments, decrees, and awards in actions, suits, proceedings, or reparation claims, of the character above described, rendered against the agent designated by the President under subdivision (a), shall be promptly paid out of the revolving fund created by section 210." 41 Stat. U. S. A. 66th Cong. Sess. II, 1919–20, pp. 461, 462.

[6, 7] On authority of Missouri Pacific and Hines v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 647, recently decided by the Supreme Court of the United States, and Charlton v. Alabama Great Southern (Ala. Sup.) 89 South. 710,[2] our cases of Louisville & N. R. Co. v. Johnson, 204 Ala. 150, 85 South. 372, and Crim v. L. & N. R. Co. (Ala. Sup.) 89 South. 376,[3] were overruled, on point of conflict with the Ault Case, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 647; and under the

[2] Ante, p. 341.

[3] Ante, p. 110.

foregoing authority defendant's motion for dismissal of the suit against the Louisville & Nashville Railroad Company should have been granted. Having held that the Louisville & Nashville Railway Company was not suable, defendant cannot further complain by reason of the failure of the trial court to grant its motion to substitute John Barton Payne as Agent, etc., under the act of February 28, 1920, in the further prosecution of the suit after termination of federal control. U. S. Stat. 66th Cong. Sess. II, 1919-20, pp. 461, 462, § 206 (a), (d), (e), (f). Error was committed as to venue and in not making the government a party defendant, and in making the Louisville & Nashville Railroad Company a party defendant, against its appropriate objections, and in overruling its demurrer to complaint, on grounds that it was shown that the injury was sustained when the transportation properties were under government control and operated by government agents and agencies. The government was not made a party within the statute of limitations for such actions. Thus we are brought to a determination of the motion to dismiss the appeal.

[8] By the act of April 21, 1911 (Gen. Acts, p. 589), Code, § 2884, was amended, providing that:

"Any party against whom a judgment or decree is rendered, may individually appeal to the Supreme Court or Court of Appeals without taking the appeal in the name of the other codefendant, but the clerk or register of the court from which the appeal is taken, shall issue a summons when the appeal is so taken, to such as do not join in the appeal, to appear before the Supreme Court or Court of Appeals at the time to which the appeal is returnable, and unite in said appeal if he see proper, which summons may be served upon the party, or his attorney of record in the lower court. If any of the parties not joining be nonresidents and not represented by an attorney in the lower court, the clerk or register may cause notice of such appeal to be sent by registered mail or published * * * in some public newspaper," etc.

After compliance with the statute, the Supreme Court or Court of Appeals is authorized to "proceed as if said party had been served with a summons to join in such appeal"; but it is specifically provided that nothing contained in the act should "abridge the power of the Supreme Court or Court of Appeals under its existing practice, to cause the service of a summons to be made when service has not been perfected as hereinabove prescribed." In Birmingham v. Hawkins, 196 Ala. 127, 72 South. 25, of the foregoing statute it was observed that the right of an appeal by any one of several parties to a judgment is authorized, and that there is no occasion or necessity for a severance, to allow separate assignments of error, where the

appeal is taken in the name of only one defendant.

The record shows that the appeal was taken only by the Louisville & Nashville Railroad Company, corporation; that the citation thereof was to the effect that the appeal was from such judgment in favor of appellee against the Louisville & Nashville Railroad Company and Berry Hill, and that the Louisville & Nashville Railroad Company obtained the appeal to the Supreme Court of Alabama; that the sheriff was "commanded to notify W. M. Shikle, or his attorneys of record, to appear at the present term, 1921, of the Supreme Court of Alabama to defend said appeal." This notice was duly executed by leaving a copy of the citation of appeal with plaintiff's attorneys of record. Though no citation of the appeal appears to have been issued by the clerk, or served upon the codefendant in judgment, Berry Hill, yet there is indorsed in the transcript this:

"Louisville & Nashville Railroad Company and Berry Hill, Appellants, v. W. M. Shikle, appellee, in the Supreme Court of Alabama. Comes the appellant, Berry Hill, and jointly with the Louisville & Nashville Railroad Company, and separately and severally assigns the following separate and several errors to the rulings, orders and judgments and decrees of the trial court, separately and severally, to wit: The appellant, Berry Hill, adopts each separate assignment of error made by the Louisville & Nashville Railroad Company, numbered from 1 to 109, inclusive. [Signed] A. A. Griffith, Eyster & Eyster, Attorneys for Appellant, Berry Hill."

Pursuant to the terms of the statute, if after the Louisville & Nashville Railroad Company appealed to the Supreme Court, without taking the appeal in the name of the other codefendant, the clerk of the court from which the appeal was taken had issued a summons to Berry Hill (codefendant in the judgment and who did not join in the appeal) "to appear before the Supreme Court or Court of Appeals at the time to which the appeal is returnable, and unite in said appeal if he see proper," and if such summons had been served upon him or his attorneys of record in the lower court, such defendant in judgment could have done no more than appear in the Supreme Court and take such action as he may have deemed just and proper. This he has done, as appears from the foregoing excerpt from the record. Should he have not so appeared, the Supreme Court had the power to cause service of a summons to be made upon him, and due proceedings thereafter had, pursuant to the rules obtaining in this court. Having voluntarily appeared, there was no necessity for summons or other notice. The effect of this assignment of error was an unqualified appearance and a waiver of summons or other notice of the appeal. The statute had wrought a sever-

ance in the provision for the taking of the appeal "individually" by one of the defendants; and when so taken there was no necessity under the statute for severance to allow separate assignment of error. It results from the foregoing that the motion to dismiss the appeal of the Louisville & Nashville Railroad Company, corporation, be overruled.

The appellee relies upon the decision in Dixie Lumber Co. v. Young, 203 Ala. 115, 82 South. 129, which is without application, it being an attempted appeal by parties to "two causes of action"—"not the same"—consolidated for convenience by common consent. The plaintiff in the one case had given security for costs of appeal, and the plaintiff in the other case had not given security for costs therein. It is patent that the provisions of the act of 1911 (page 589) had no application to the situation there presented. Nor is the question of a joint appeal and joint assignment of error presented by the instant record, as was the case in Hall v. First Bank of Crossville, 196 Ala. 627, 72 South. 171, Chavers v. Mayo, 202 Ala. 128, 79 South. 594, and Oden v. Vaughn, 204 Ala. 445, 448, 85 South. 779.

In Charlton v. Alabama Great Southern, supra, where there was only one defendant, the transportation corporation, a judgment was rendered in this court without a reversal of the cause and giving opportunity for amendment. However, where there are two defendants, as here, we prefer to reverse and remand the cause that further proceedings may be had in the lower court, if such may be maintained under the law provided and governing in such case.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.