### WHITBY v. SOUTHERN RY. CO.
### (6 Div. 536.)

(Supreme Court of Alabama. May 11, 1922.)

1. Railroads ⚖═5½, New, vol. 6A Key-No. Series—Company not liable for injuries caused during federal control.

A railroad company is not liable for injuries caused when the railroad was in the control of the government and operated by the Director General.

2. Courts ⚖═97(5)—Supreme Judicial Court concluded by decision of United States Supreme Court as to liability of railroad for damage caused during operation of Director General.

The Supreme Judicial Court is concluded by the decisions of the United States Supreme Court as to the liability of a railroad for damages caused during operation of railroad by Director General of Railroads, though the action was brought against the railroad, instead of the Director General, before the decision of the United State Supreme Court was rendered, and at a time when the Supreme Judicial Court's decisions sanctioned a suit against the railroad.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action by Jessie Whitby, administratrix of the estate of Joseph Whitby, deceased, against the Southern Railway Company, for the death of intestate. From a judgment for defendant, plaintiff appeals. Affirmed.

Brown & Denson, of Birmingham, for appellant.

At the time of the trial in this case it was settled law that owners of railroads under federal control were subject to suit. 205 Ala. 298, 87 South. 810. Amendment of the pleading by striking out all parties other than Southern Railway, including the Director General, was made in reliance upon the holding in the case cited, and this case should be decided upon its merits. 79 Ala. 437; 203 Ala. 234, 82 South. 483; 92 Ala. 181, 9 South. 532, 12 L. R. A. 856.

Stokely, Scrivner & Dominick, of Birmingham, for appellee.

The cause of action arose during federal control of railroads, and the action should have been brought against the Director General. The general charge was properly given for defendant. 206 Ala. 341, 89 South. 710; 250 U. S. 135, 39 Sup. Ct. 502, 63 L. Ed. 897, 903; 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; Gen. Order U. S. R. R. Administration Jan. 28, 1918, as amended Jan. 11, 1919.

McCLELLAN, J. On July 10, 1919, the administratrix of the estate of Joseph H. Whitby, deceased, instituted this action for damages for his wrongfully caused death, which was averred to have occurred on, to wit, December 27, 1918. Along with appellee a number of railway companies were made parties defendant. The judgment entry recites that on February 17, 1921, the plaintiff amended the complaint by "striking out all defendants except Southern Railway Company," appellee. Upon the conclusion of the evidence, the court gave the general affirmative charge for defendant, appellee.

The plaintiff's intestate was killed near,

or at, the terminal station in Birmingham, during the night of December 27, 1918, at a time when the Southern Railway was in the custody and control of the United States government and was being operated by the Director General of Railroads.

[1] This appeal is ruled by Charlton v. A. G. S., 206 Ala. 341, 89 South. 710. Following the concluding pronouncement of the Supreme Court in Missouri Pacific R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087, in the Charlton Case, supra, it was said:

"That decision must control here, and we therefore hold that defendant's motion for the substitution of the Director General should have been granted, and that defendant should have been dismissed from the suit. As a matter of law the defendant corporation was not liable on the cause of action exhibited, and it is not now material to consider whether error was committed by the trial court in any of the rulings complained of, since, in any event, it was error without injury. In such a case we will not reverse but will affirm the judgment appealed from, as being in accordance with the law of the case."

It is insisted in briefs for appellant (plaintiff) that the course taken by plaintiff, in suing the railway instead of the Director General, was and is attributable, and should be referred, to the decisions of this court, delivered prior to that of the Supreme Court in the Ault Case and of our Charlton Case, which were not in accord with the decisions last mentioned and which sanctioned the course pursued by this plaintiff, and that, in effect, this plaintiff should not be penalized, or her right to conform her pleadings to the rule of the Ault Case should not be precluded, in consequence of this plaintiff's observance of what at the time was thought (by this court) to be established law, but subsequently declared by the highest authority to be an erroneous conception of the law.

[2] This court is powerless to relieve the situation that has thus arisen. This court is completely concluded by the decisions of the Supreme Court in this field. The basic view in the Ault Case is that, in the circumstances here involved, persons injured, or the personal representatives of persons injured, had no cause of action against the railway corporations; the wrong charged being alone referable to the Director General, the government's administrator in operating the railways at the time intestate was killed.

As held in the Charlton Case, supra, the result, a judgment for the defendant (appellee), consisted with the law, and of it error to reverse cannot be affirmed.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.