### SHIKLE v. LOUISVILLE & N. R. CO. et al.
(6 Div. 686.)

(Supreme Court of Alabama. Feb. 1, 1923.)

**1. Evidence ☞20(2)—Judicial notice taken that at certain time and place railroad company was operated by Director General of Railroads.**

The Supreme Court will take judicial notice that in Jefferson county, Ala., on September 15, 1918, the Louisville & Nashville Railroad Company was being operated exclusively by the federal government under the direction of the Director General of Railroads.

**2. Railroads ☞5½, New, vol. 6A Key-No. Series—Company not liable for injuries caused during federal control.**

Where the foreman of a switching crew was injured by falling from a car of a railroad train operated by the federal government under the Director General of Railroads, the federal government alone was subject to liability, and a dismissal as against the carrier on its motion was proper in view of Act Cong. Aug. 29, 1916 (U. S. Comp. St. § 1974a).

**3. Railroads ☞5½, New, vol. 6A Key-No. Series—Federal agent suable in county wherein injury occurred.**

In an action by the foreman of a switching crew for injuries sustained during federal operation, it was not error to overrule a motion to strike from the files a plea by defendant, the federal Agent appointed under Transportation Act Cong. Feb. 28, 1920, § 206(a), that plaintiff at the time of the injury resided

in the county where the injury occurred, and that the defendant did business therein, and could have been sued in such county; such plea complying with original Order No. 18 and amended Order No. 18a of the Director General of Railroads, and meeting the requirements of Code 1907, § 6112, as amended by Gen. Acts 1919, p. 240.

**4. Railroads ☞5½, New, vol. 6A Key-No. Series—Replication to pleas relating to place of trial held demurrable.**

In an action by the foreman of a switching crew against the federal Agent for injuries sustained during federal operation, replications to pleas relating to the county in which the case was properly triable, which clearly failed to aver that plaintiff resided in the county wherein the suit was instituted, and which set up no facts except those that could be proven under the general issue of which plaintiff had full benefit, held insufficient as against demurrer.

**5. Railroads ☞5½, New, vol. 6A Key-No. Series—Director General's order fixing venue in county where plaintiff "resided" construed.**

Under amended General Order 18a of the Director General of Railroads, requiring suit against the government to be filed in the county or district where the plaintiff "resided" at the time of the accrual of the cause of action, the county of plaintiff's legal residence at the time, his fixed permanent home, and not his temporary home or residence, is meant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reside.]

**6. Railroads ☞5½, New, vol. 6A Key-No. Series—Residence of party injured during federal control held question for jury.**

Where the foreman of a switching crew was injured in a county wherein he had a temporary residence, and he brought suit against the federal government in another county which he claimed as his legal residence, the suit being properly brought in the county of plaintiff's legal residence under General Order 18a of the Director General of Railroads, and the evidence being in conflict as to which county constituted plaintiff's legal residence, the question was for the jury, and it was error to instruct a verdict for defendant on a plea in abatement.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Action by W. M. Shikle against the Louisville & Nashville Railroad Company and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Brown & Denson, of Birmingham, for appellant.

At the time of the trial General Orders 18 and 18A had become functus officio. 11 C. J. 224; 12 Gray (78 Mass.) 170; 11 Pa. 273; 136 Mo. 563, 38 S. W. 308; 20 Nev. 269, 21 Pac. 317, 4 L. R. A. 60, 19 Am. St. Rep. 364; 119 N. C. 779, 25 S. E. 719. The terms "in the country or district where the plaintiff resided at the time of the accrual of the cause of action" have reference to the plain-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tiff's permanent residence. 192 Ky. 198, 232 S. W. 624.

Eyster &, Eyster, of Albany, and A. A. Griffith, of Cullman, for appellees.

The accident occurred during federal control, and the action is governed by General Order 18A. 256 U. S. 556, 41 Sup. Ct. 593, 65 L. Ed. 1087. The plaintiff's residence was in Jefferson county. 91 Ala. 353, 8 South. 546; 92 Ala. 551, 8 South. 722.

MILLER, J. This is an action by W. M. Shikle for damages for personal injuries inflicted upon him in the course of his employment as foreman of a switching crew on the Louisville & Nashville Railroad. It was brought under subdivision 5 of the employers' liability statute (section 3910 of the Code of 1907). It was filed September 13, 1919, against the Louisville & Nashville Railroad Company, a body corporate, Berry Hill, and W. Cook, in the circuit court of Cullman county. The complaint avers the injuries complained of occurred in Jefferson county, Ala., on, to wit, September 15, 1918.

Each defendant within time for pleading filed a plea in abatement. The Louisville & Nashville Railroad Company pleaded that plaintiff has a permanent residence in Jefferson county, Ala., the injury complained of occurred in Jefferson county, Ala., and that it does business by agent in Jefferson county, Ala., and can be sued in that county. Berry Mill and W. T. Cook each pleaded that they each have permanent residence in Jefferson county, Ala.; that they do not reside in Cullman county, Ala., and did not so reside when this suit was filed. Cook died, and on motion the cause abated as to him. Demurrers to these pleas of the other defendants were sustained by the court. The Louisville & Nashville Railroad Company filed motion to dismiss the cause as to it on the ground it was under the exclusive control and management of the federal government at the time of the injury. This motion was overruled by the court.

The jury on the trial on the merits rendered a verdict in favor of the plaintiffs against the defendants, and from a judgment thereon by the court the defendant Louisville & Nashville Railroad Company appealed. This judgment was reversed by this court. L. & N. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900. This court on that appeal held the trial court erred in sustaining the demurrer to the plea in abatement of the defendant Louisville & Nashville Railroad Company, and also erred in not granting the motion of the Louisville & Nashville Railroad Company to dismiss the case as to it. L. & N. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900, headnotes 4 and 5.

After the reversal by this court on former appeal, the plaintiff on December 1, 1921, made application to amend the complaint by making James C. Davis, Agent of the President, appointed under the provisions of the Transportation Act, approved February 28, 1920 (41 Stat. 456) a party defendant. The amendment was allowed by the court, and James C. Davis, Agent of the President, was served with notice of the suit. On December 29, 1921, James C. Davis, as Agent under the Transportation Act, filed two pleas in abatement by and through his attorney to the complaint. On January 4, 1922, on motion of the Louisville & Nashville Railroad Company, the suit was dismissed as to it by an order of the court. The plaintiff on January 4, 1922, amended the complaint by striking out Berry Hill as a party defendant.

This left James C. Davis, as Agent under the Transportation Act, the sole party defendant. Motion of the plaintiff to strike the pleas in abatement of James C. Davis as Agent from the file was refused by the court. Demurrer of plaintiff to the pleas in abatement were overruled by the court as to plea in abatement numbered 1, and sustained as to plea in abatement numbered 2. Plaintiff filed special replications numbered 2 and 3 to plea in abatement numbered 1. Demurrers of defendant to each replication were sustained by the court. Issue was joined on plea in abatement No. 1. The jury returned a verdict in favor of the defendant, and from a judgment thereon by the court this appeal is prosecuted by the plaintiff.

[1, 2] This suit was commenced September 13, 1919. The complaint avers the injury occurred September 15, 1918, in Jefferson county, and at this time and place this court judicially knows that the Louisville & Nashville Railroad Company was being operated exclusively by the federal government under the Director General of Railroads. L. & N. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900; Currie v. L. & N. R. Co., 206 Ala. 402, 90 South. 313, 19 A. L. R. 675. The injury is alleged to have been caused by falling from a car of a train of the Louisville & Nashville Railroad Company. Under the averments of the complaint, if true, the federal government alone was subject to liability, its designated Agent was the proper party defendant, the Louisville & Nashville Railroad Company was not liable for the alleged injury, and the court did not err in dismissing the suit as to the Louisville & Nashville Railroad Company on its motion. Currie v. L. & N. R. Co., 206 Ala. 402, 90 South. 313, 19 A. L. R. 675; L. & N. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900; Act Cong. of August 29, 1916 (U. S. Comp. St. § 1974a); Mo. Pac. R. Co. v. Ault, 256 U. S. 556, 41 Sup. Ct. 593, 65 L. Ed. 1087.

[3] The plaintiff moved first to strike, and then demurred to plea in abatement No. 1 of James C. Davis, as Agent, etc., and each

was overruled by the court. The plea was filed within the time allowed by law and was verified by affidavit. It was insisted on by the defendant and was not waived by him. Application to amend the complaint by making him (Davis, as Agent) a party was made on December 1, 1921. This plea was filed December 27, 1921, and this was within 30 days after notice of his being made a party defendant. He had 30 days after being served with notice within which to file this plea. Section 5346, Code 1907, as amended by Gen. Acts 1915, p. 825. When filed, there were two other defendants, the Louisville & Nashville Railroad Company and Berry Hill. The complaint on its face showed these defendants were not liable, not proper parties defendant, and the motion to strike the abatement plea from the file was made, and the demurrers to them were filed January 4, 1922, after the suit was dismissed as to the Louisville & Nashville Railroad Company and Berry Hill as parties defendant and when James C. Davis, Agent, was the sole party defendant. The court did not err in overruling the motion to strike it from the file. This plea avers the plaintiff at the time of the alleged injury resided in, and the alleged injury occurred in, and the defendant did business by agent in, Jefferson county, Ala., and that it could at any time, since the time of the injury, have been sued in that county. This plea fully complies with the original order numbered 18 and amended order numbered 18a of the Director General of Railroads, which appear in the opinion in L. & N. R. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900. This plea meets the requirements of section 6112 of the Code of 1907, as amended by Gen. Acts 1919, p. 240. A plea similar in form and in averments, filed in this cause by the Louisville & Nashville Railroad Company, was held sufficient under demurrer in this case on former appeal. L. & N. R. Co. v. Shikle, 206 Ala. 494, headnote 4, 90 South. 900. Under section 6112 of the Code of 1907, as amended by Gen. Acts 1919, p. 240, and under General Order No. 18, as amended in No. 18a, which was in force when the injury occurred and when the suit was commenced, this defendant had the right to file and insist on this plea; and the court did not err in overruling the demurrers to it. General Orders Nos. 18 and 18a were not functus officio when this alleged cause of action arose and when this suit was commenced; but they declared the venue of this suit, and are binding on the parties to this cause, and are applicable to the averred facts of this case. No. 18 was issued April 9, 1918. No. 18a, amending it, was issued April 18, 1918, and this injury occurred September 15, 1918, and this suit was commenced September 13, 1919, while these orders were in force and effect. Currie v. L. & N. R. Co., 206 Ala. 402, 90 South. 313, 19 A. L.

R. 675; L. & N. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900; Charlton v. A. G. S. R. Co., 206 Ala. 341, 89 South. 710; Mo. Pac. R. Co. v. Ault, 256 U. S. 556, 41 Sup. Ct. 593, 65 L. Ed. 1087; Ala. & Vicksburg Ry. Co. v. Journey, 257 U. S. 111, 42 Sup. Ct. 6, 66 L. Ed. 154; section 206 (a) of the Transportation Act (Fed. Stat. Ann. 1920, Supp. pp. 77, 78). The plaintiff joined issue on this plea, and filed special replications numbered 2 and 3 to it. Demurrers of defendant to each special replication were sustained by the court.

Replication 2 avers plaintiff at the time of the injury was unmarried, had no family, worked as a railroad employé for the government, was boarding near his place of work, and at that time his permanent residence was in Cullman county, where he was born and reared, and where he always voted.

[4] Replication 3 avers at the time of the injury plaintiff was temporarily residing in Jefferson county as an incident to his work as a railroad employé of the government, but at said time plaintiff was a resident of Cullman county, having his permanent residence in Cullman county. These replications fail to clearly aver that plaintiff resided in Cullman county, and not in Jefferson county, at the time of the accrual of the cause of action. They attempt to set up no facts, except what could be proven under the general issue, and the plaintiff had full benefit of the alleged facts under the general issue; therefore the court did not err in sustaining demurrers to each of them.

The court on the hearing of the case on the plea in abatement under the evidence gave the jury the general affirmative charge with hypothesis in favor of the defendant. It was in writing, and this is assigned as error.

The evidence clearly shows without dispute the plaintiff was injured in Jefferson county, Ala., in September 1918, and at the time of the injury and ever since during federal control of the railroads the defendant did business by agent in Jefferson county, and that it could at any time since the injury have been sued in Jefferson county. The real issue under this plea was: Did the plaintiff reside in Cullman or Jefferson county when the alleged injury occurred? Where did the plaintiff reside when the cause of action arose, in Cullman or Jefferson county? The defendant alleged and contends he resided in Jefferson county at that time, and the plaintiff contends he resided in Cullman county. This court, in Allgood v. Williams, 92 Ala. 552, 8 South. 722, construed the words "of the county in which such minor resides," as used in the statute relating to the appointment of guardians, to mean the county of the minor's legal residence or domicile. The court in that case also quoted with approval from Shaw v. Shaw, 98 Mass. 158, in reference to

statutes regulating jurisdiction in divorce cases, as follows:

"The words 'to live and to reside' in these provisions, are obviously synonymous, and both relate to the domicile of the party, or the place where he is deemed, in law, to reside, which is not always the place of one's present actual abode. To live, to reside, to dwell, to have one's home or domicile, are usually, in our statutes, equivalent and convertible terms."

See, also, Merrill's Heirs v. Morrissett, 76 Ala. 433.

In Hines, Director Gen., v. Gaines, 192 Ky. 198, 232 S. W. 624, the plaintiff was an employé of the defendant (appellant) on a railroad in Alabama when injured, and he filed suit in the circuit court of Hart county, Ky. The injury occurred in Alabama. The Court of Appeals of that state, in construing General Orders Nos. 18 and 18a, wrote:

"It is the theory of the law that a man must have a legal residence at some place, and it is clear from the evidence on this issue that the appellee never acquired at any point in the state of Alabama a legal residence, or any such domicile he might have called home. Under the facts, if his sister's home was not his legal residence, then he had none; and we therefore hold that a fair interpretation of the two orders quoted gave him the right to institute and maintain this action in Hart county, the only home he had. This question, however, was submitted to the jury, although there was no real issue about the facts, and of this action appellant cannot complain."

Order No. 18a requires the suit to be filed in the county or district where "the plaintiff resided at the time of the accrual of the cause of action" or in the county or district where the cause of action arose. This court held in Allgood v. Williams, 92 Ala. 551, 8 South. 722:

"Though the word 'residence' is often used to signify a temporary abode, it is also used to signify a fixed and permanent home. Residence and domicile are not in all respects convertible terms; but when residence or resides is employed in a statute, relating to succession, grant of administration, and of guardianship, it is generally construed to mean the legal residence, and as equivalent to domicile."

No fixed rule can be established by which we can always determine with certainty where a person resides at a particular time; and it has been declared to be a question often of great difficulty to determine, depending upon complicated circumstances, and the circumstances and facts of each particular case must generally settle the question. Frequently it is a question of intent, which must be determined by the acts and declarations of the party. This court, in Merrill v. Morrissett, 76 Ala. 438, said:

"There can be no change of domicile without a concurrence of both act and intent, and the question of intent may be solved by reference to both conduct and declarations. * * * And a domicile of origin, when once ascertained, must always be considered as retained until another is acquired."

See, also, Talmadge v. Talmadge, 66 Ala. 199; State v. Hallett, 8 Ala. 159.

[5] So under our decisions we must hold that the words "the county where the plaintiff resided at the time of the accrual of the cause of action," as used in Order 18a, mean the county of his legal residence at that time, his fixed, permanent home, and not his temporary home or residence. It means the county of plaintiff's permanent residence, legal residence, and not the county of his temporary residence, used as an incident to his work. Hines v. Gaines, 192 Ky. 198, 232 S. W. 624; Allgood v. Williams, 92 Ala. 552, 8 South. 722; Caldwell v. Pollak, 91 Ala. 353, 8 South. 546; Merrill v. Morrissett, 76 Ala. 438.

It is without dispute that prior to 1911 the plaintiff resided in Cullman county. It was then his legal place of abode, his permanent residence. During that year he left home, went to work on railroads, and continued to work with different railroads in different localities in Alabama until the injury. He was unmarried; worked at Boyles, in Jefferson county, with the Louisville & Nashville Railroad Company; had been working, rooming, and boarding in that county (Jefferson) for several years prior to and up to the time of the injury. There was evidence indicating that he permanently resided in Jefferson county, and intended that as his home, legal residence, at the time of the accrual of the cause of action. There was also evidence that he owned property in Cullman county; his mother resided there; he went there frequently, every two weeks or month, all along after he left there in 1911, to see his mother; kept his clothes and personal effects there; went there after them occasionally; registered to vote and voted in Cullman county; and other circumstances indicated that he did not intend to change his residence from Cullman county when he went into the railroad work, and that his legal, permanent residence was in that county at the time of the accrual of the cause of action.

[6] On this material issue the evidence was in conflict. It was a question from the testimony for the jury to answer whether the plaintiff resided in Cullman or Jefferson county at the time of the accrual of the cause of action. The sufficiency of this evidence should have been left to the jury, and not charged on by the court.

The court erred in giving the general instruction that, if they believed the evidence, they must return a verdict in favor of the defendant.

For this error, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.