(96 South. 257)

**WATSON v. BIRMINGHAM BELT R. CO. et al. (6 Div. 781.)**

(Supreme Court of Alabama. April 5, 1923. Rehearing Denied May 10, 1923.)

**1. Evidence ⬉20(2)—Judicial notice of federal control of railroads.**

The courts judicially notice that on September 4, 1919, the Birmingham Belt Railroad Company, St. Louis & San Francisco Railroad Company, and the Atlanta, Birmingham & Atlantic Railroad Company were being operated by the Director General of Railroads, under the direction and control of the federal government, under Act Cong. Aug. 29, 1916 (U. S. Comp. St. § 1974a).

**2. Railroads ⬉5½, New, vol. 6A Key-No. Series—Company not liable for injuries during federal control.**

Railroads being operated by Director General of Railroads under Act Cong. Aug. 29, 1916 (U. S. Comp. St. § 1974a), were not liable for injuries to a servant; the federal government alone being subject to liability.

**3. Appeal and error ⬉882(4)—Plaintiff requesting striking of parties cannot complain of granting of defendant's motion to strike such parties.**

The plaintiff, having requested the court to amend the complaint by striking certain defendants, and substituting another in lieu of them, cannot complain of action of court in granting defendant's motion to strike such defendants.

**4. Parties** ⊫58—**No entire change of parties defendant permitted under statute of amendments.**

Plaintiff is not entitled to an entire change of the original parties defendant under the statute of amendments.

**5. Dismissal and nonsuit** ⊫56 — **Substituted party held entitled to have case discontinued.**

Where all the original defendant railroads stricken as parties after the Director General of Railroads, or Agent of the federal government, was added by amendment as a party defendant, such federal Agent was entitled to have the case discontinued and dismissed as to him by reason of the entire change of all the original parties defendant, under Code 1907, § 5367.

**6. Dismissal and nonsuit** ⊫50—**Defendant held not to have waived right to dismissal.**

Where Director General of Railroads was made a party defendant while the railroads were still defendants in the case, and the railroads were defendants in the case when the Director General's demurrers to the complaint were sustained, and thereafter the railroads were dismissed as parties defendant on motion, the Director General did not waive his right to have the suit dismissed by reason of an entire change of parties defendant, under Code 1907, § 5367, assuming that such Agent could waive such right.

**7. Appeal and error** ⊫1061(2)—**Dismissal of case not reversed where defendant entitled to discontinuance.**

Where the court ex mero motu dismissed case because plaintiff refused to plead further after the court sustained demurrer of defendant Director General of Railroads, the judgment will not be reversed, even though demurrer was improperly sustained, where the Director General by reason of an entire change of all of the original parties defendant is entitled to a discontinuance of the case in any event.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for damages by Annie Watson, as administratrix of the estate of John Watson, deceased, against the Birmingham Belt Railroad Company and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Brown & Denson, of Birmingham, for appellant.

Counsel argue for error in the ruling sustaining demurrers to the complaint, but in view of the decision it is not necessary that the brief be set out.

Cabaniss, Johnston, Cocke & Cabaniss and Tillman, Bradley & Baldwin, all of Birmingham, for appellees.

The action having occurred during federal control, no action arose against the carriers. Mo. Pac. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed 1087. The agent may not be substituted as defendant, where the suit is brought after termination of federal control. Currie v. L. & N. R. Co., 206 Ala. 402, 90 South. 313, 19 A. L. R. 675. The court properly granted the motion to strike the railroad companies as defendants. Charlton v. A. G. S. R. Co., 206 Ala. 341, 89 South. 710; L. & N. R. Co. v. Shikle, 206 Ala. 494, 90 South. 902.

MILLER, J. This suit was commenced on March 10, 1920, by Mrs. Annie Watson, administratrix of the estate of John Watson, deceased, against the Birmingham Belt Railroad Company, a body corporate, St. Louis & San Francisco Railroad Company, a body corporate, and Atlanta, Birmingham & Atlantic Railroad Company, a body corporate.

The plaintiff claims in the complaint damages for the death of the intestate while in the employ of the Alabama Company in Jefferson county, Ala., on September 4, 1919; that he received injuries, from which he died, while attempting to uncouple cars, as a proximate consequence either of the failure of the cars to be equipped with adequate grabirons or with such coupling apparatus as could be uncoupled without the necessity of men getting between the ends of the cars.

Plaintiff, by leave and order of the court on March 23, 1920, amended the complaint by adding thereto as a party defendant Walker D. Hines, Director General of Railroads of the United States, and Walker D. Hines, Agent. Thereafter, on February 17, 1922, the plaintiff, by leave and order of the court, amended the complaint by making James C. Davis as Director General of Railroads, and as Agent appointed by the President under section 206 of the Act of Congress known as the Transportation Act (41 Stat. 461), a party defendant, and this defendant filed demurrers to the complaint on March 23, 1922.

On May 22, 1922, the plaintiff made application in writing to the court to amend the complaint by adding counts A and B, and "by substituting James C. Davis, Director General of Railroads, and Agent appointed under the Transportation Act of February 28, 1920, in lieu of the defendant railroad companies," but we find no order of the court allowing this amendment. The defendant James C. Davis, Director General, as Agent appointed by the President, pursuant to the provisions of section 206 of the Act of Congress approved February 28, 1920, filed demurrers to the complaint as amended, and to each count thereof on May 22, 1922. On the same day the court sustained the demurrers of Davis, as Director General and Agent, to the complaint and to each count of the complaint as amended. The defendants then made motion to strike Birmingham Belt Railroad Company, St. Louis & San Francisco Railroad Company, and the Atlanta, Birmingham & Atlantic Railroad Company, as parties defendant, which motion was granted by the

⊫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

court, and these parties defendant were stricken by the court, leaving James C. Davis, as Director General and as Agent, the sole party defendant, with his demurrers to the complaint and each count thereof sustained by the court. The plaintiff declined to plead further whereupon the court ordered the defendant Davis, Director General, to go hence without day, taxed the plaintiff with the costs of the cause, and directed execution to issue for it, from which judgment the plaintiff appeals, and assigns as error the above rulings of the court, shown by the judgment.

[1] This suit was commenced on March 10, 1920. It avers the injury causing death of the intestate occurred on September 4, 1919, in Jefferson county, Ala. This court judicially knows that at that time and place these railroads, the original defendants, in this cause, viz. Birmingham Belt Railroad Company, St. Louis & San Francisco Railroad Company, and the Atlanta, Birmingham & Atlantic Railroad Company, were being operated by the Director General of Railroads under the direction and control of the federal government. Moon v. Hines, 205 Ala. 355, 87 South. 603, 13 A. L. R. 1020; Charlton v. A. G. S. R. R. Co., 206 Ala. 341, 89 South. 710; L. & N. R. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900; Currie v. L. & N. R. R. Co., 206 Ala. 401, 90 South. 313, 19 A. L. R. 675; Shikle v. L. & N. R. R. Co. (Ala. Sup.) 95 South. 358; [1] Act Cong. Aug. 29, 1916 (U. S. Comp. Stat. § 1974a); Mo. Pac. Ry. Co. v. Ault, 256 U. S. 556, 41 Sup. Ct. 593, 65 L. Ed. 1087.

[2] If the injury complained of was caused by the railroads, or either of them, named as defendants in the complaint, on September 4, 1919, as averred therein, then the federal government alone was subject to liability, and it alone was liable and subject to be sued. These three railroads were not liable, jointly or severally, as they were each at that time in the possession, control, and management of the United States; the possession of the United States of them being exclusive. Neither of these three railroads, defendants in this suit, was liable for the alleged injury, the complaint on its face showing they were not liable, and the court did not err in granting their motion to strike them as parties defendant. The Director General of Railroads or the designated agent of the federal government was the proper party defendant; the suit should have been filed originally against him, instead of these three railroads, if the injury was caused by the three railroads or one of them on September 4, 1919. Currie v. L. & N. R. R. Co., 206 Ala. 401, 90 South. 313, 19 A. L. R. 675; L. & N. R. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900; Shikle v. L. & N. R. R. Co. (Ala. Sup.) 95 South. 358; [1] Mo. Pac. Ry. Co. v. Ault, 256 U. S. 556, 41 Sup. Ct. 593, 65 L. Ed. 1087.

[3] And the plaintiff cannot be heard to complain at this action of the court, as there was at the time an application on file by the plaintiff asking the court to amend the complaint "by substituting James C. Davis, Director General of Railroads and Agent appointed under the Transportation Act of February 28, 1920, in lieu of the defendant railroad companies." The plaintiff requested the court to amend the complaint by striking them and substituting Davis, Director General, in lieu of them, and the defendants requested by motion that they be stricken as parties defendant, which motion the court granted. The plaintiff therefore has no just ground to complain at this action of the court. Shikle v. L. & N. R. R. Co. (Ala. Sup.) 95 South. 358,[2] and authorities supra. This left James C. Davis, Director General of Railroads and Agent, as the sole party defendant. His demurrers to the complaint and each count of the complaint had just prior thereto been sustained by the court, and the complaint was not amended. The plaintiff declined to plead further, and the case was dismissed by the court. Can the plaintiff now justly complain because of the action of the court in sustaining demurrers of defendant (Davis, Director General and Agent), even if they were improperly sustained?

[4] There has been an entire change of parties defendant, as the suit was originally filed against the three railroads hereinbefore named. They were stricken as parties defendant on their motion, while an amendment requesting that Davis, as Director General and Agent, be substituted as defendant in lieu of them was on file, having been made by the plaintiff. If we were to hold the court erred in sustaining the demurrers of Davis, Director General and Agent, to the complaint and each count of the complaint as amended, this would reverse this case, and it would then be pending against the Director General alone as the sole party defendant, and neither he, the federal government, or its agent were original parties defendant to this suit. This would permit an entire change of the original parties defendant in a suit, which is not permissible under our statute of amendments. This defendant is entitled to have this suit dismissed on that ground as to him if the judgment should be reversed on account of the ruling of the court on his demurrers. Currie v. L. & N. R. R. Co., 206 Ala. 402, 90 South. 313, 19 A. L. R. 675; Ethel James v. Davis, Director Gen., ante, p. 87, 95 South. 346.

[5] This cause of action arose on September 4, 1919, during federal control of the railroads, and suit was not brought against the three railroads until March 10, 1920, after the approval of the act of February 28, 1920, of Congress, terminating federal control of the railroads. These three railroads were not liable, as the cause of action arose during

---

[1] Ante, p. 83.

[2] Ante, p. 83.

federal control of the railroads, and they were properly dismissed as parties defendant. Charlton v. A. G. S. R. R. Co., 206 Ala. 341, 89 South. 710; Currie v. L. & N. R. R. Co., 206 Ala. 402, 90 South. 313, 19 A. L. R. 675; L. & N. R. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900. However, before they were stricken as defendants, the Director General of Railroads, or Agent of the federal government, was added by amendment as a party defendant. His demurrer to the complaint and each count thereof was sustained by the court, and the judgment shows that immediately thereafter the three railroads, all of the 'original defendants, were on motion stricken by the court as parties defendant. This left the federal government's agent who was not one of the original defendants, as sole party defendant, and gave him the right to have the case discontinued, dismissed as to him, as there was then an entire change of all the original parties defendant. There cannot be an entire change, by amendment or otherwise, of all the original defendants in a case; this offends our amendment statutes, and they are applicable to this case. Section 5367, Code. 1907; Currie v. L. & N. R. R. Co., 206 Ala. 402, 90 South. 313, 19 A. L. R. 675; Ethel James v. Davis, Director Gen., ante, p. 87, 95 South. 346. In Mahan v. Smitherman, 71 Ala. 565, this court wrote:

"The only limitation upon the right of a plaintiff in a civil action at law to amend the complaint at any time before the cause is finally submitted to the jury, and they have retired, is, that the form of the action must not be changed; there must not be an entire change of parties, nor can there be the substitution or the introduction of an entirely new cause of action."

[6] The defendants had no right to object to Davis, as Director General, being added as a party defendant by amendment, because there were then three other defendants—original defendants—in the case at that time; but when these three original defendants were afterwards stricken, leaving Davis the sole defendant, his right to have the case dismissed then existed, and the court ex mero motu dismissed the case. When his demurrers were filed and ruled on by the court, these three railroads were still defendants in the case. When the case was dismissed there was no complaint pending against Davis, Director General; his demurrers to it and each count of it had just been sustained by the court. This defendant made no motion. The plaintiff declining to plead further, declining to amend the complaint, the court, ex mero motu, dismissed the case. The Director General did not waive its right to have the suit dismissed if he, as agent of the United States, could do so, which question we need not decide. Moon v. Hines, 205 Ala. 355, 87 South. 603, 13 A. L. R. 1020, and authorities cited. The right to dismiss the suit by him did not exist until the three railroads, all of the original defendants, were stricken as defendants in the case by the court. The record and judgment of the court clearly show this was not done until after the demurrers of the Director General were filed and sustained by the court, then on motion the defendant railroads were stricken as parties defendant by the court.

[7] The court, ex mero motu, did what the Director General had the right to ask it to do; it dismissed the case when the plaintiff declined to plead further—declined to amend the complaint. This suit cannot now be further prosecuted against the federal government, so it is immaterial whether the demurrers of the Director General to the complaint and each count of it were properly or improperly sustained by the court. If error, which we do not decide, it was without injury. This defendant had the right then to have this case dismissed by the court, as and when it was dismissed, immediately after all of the original defendants were stricken as parties defendant from the case, because there cannot be an entire change of all of the original parties defendant in a case. Ethel James v. Davis, Director Gen., supra; Currie v. L. & N. R. R. Co., 206 Ala. 402, 90 South. 313, 19 A. L. R. 675; L. & N. R. R. Co. v. Shikle, 206 Ala. 494, 90 South. 990; Shikle v. L. & N. R. R. Co. (Ala. Sup.) 95 South. 358; [3] Charlton v. A. G. S. R. R. Co., 206 Ala. 341, 89 South. 710; section 5367, Code 1907; Mahan v. Smitherman, 71 Ala. 565.

The judgment of the court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.