(85 South. 880)

McDOUGAL v. LOUISVILLE & N. R. CO.
(6 Div. 699.)

(Court of Appeals of Alabama. June 8, 1920.)

1. EVIDENCE ☞20(2)—JUDICIAL NOTICE TAKEN OF FEDERAL OPERATION OF RAILROADS.

The court judicially knows that on June 3, 1919, the Louisville & Nashville Railroad was being operated exclusively by the United States government.

2. APPEAL AND ERROR ☞1040(1)—RULINGS ON MOOT QUESTIONS HARMLESS ERROR.

In action against a railroad company for killing of a cow at a time when the railroad was operated exclusively by the government, rulings on demurrer to the complaint were moot questions, without injury to plaintiff.

3. RAILROADS ☞5½, New, vol. 6A Key-No. Series—SUBSTITUTION OF PARTIES NOT ALLOWABLE IN SUIT FOR DAMAGES ARISING DURING FEDERAL CONTROL.

In action against a railroad company for killing of an animal at a time when the railroad was operated by the government, substitution of the Director General of Railroads as defendant was properly disallowed, as being an entire change of parties defendant, for General Order No. 50-A gave authority to make such substitution only in pending suits, and not in suits brought on claims arising after the railroads had been taken over by the government.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Walter McDougal against the Louisville & Nashville Railroad Company for the negligent killing of an ox. From a judgment for defendant, plaintiff appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

The case of Vaughn v. State, ante, p. 35, 81 South. 417, is without application, for neither the trial court nor any other court can judicially know that as a matter of fact the Louisville & Nashville Railroad Company did not operate the train over this railroad that killed plaintiff's animal.

Huey & Welch, of Bessemer, for appellee.

The court judicially knows that at the time of the killing of the animal the railroads were under federal control and being operated by the servants and agents of the Director General. 119 Miss. 627, 81 South. 417; 74 South. 397; (D. C.) 258 Fed. 945; 169 Fed. 601, 95 C. C. A. 99; 188 U. S. 400, 23 Sup. Ct. 468, 47 L. Ed. 519; 234 U. S. 627, 34 Sup. Ct. 938, 58 L. Ed. 1506; 128 Ala. 550, 29 South. 585.

SAMFORD, J. [1, 2] The complaint in this case claims damages, alleging the negligent operation of defendant's engine and cars over its line of track between Bessemer and Johns, Ala., on June 3, 1919, at a time when this court judicially knows that defendant's railroad was being operated exclusively by the United States government. Vaughn v. State, 81 South. 417.[1] And all agencies being used in the operation of locomotives and cars on said railroad were under the control of the federal government. The facts alleged in the complaint, taken in connection with facts judicially known to this court, would preclude a recovery by the plaintiff against this defendant. It follows that the rulings of the court on demurrer are moot questions, without injury to plaintiff. Ex parte McMillan, 15 Ala. App. 571, 74 South. 396.

[3] General Order No. 50-A gave authority to substitute the Director General of Railroads in pending suits, and does not apply to suits brought on claims arising after the railroads had been taken over by the government and were being exclusively operated by it. Such a substitution in this case would be an entire change of parties defendant and was properly disallowed.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.