(90 South. 313)

## CURRIE v. LOUISVILLE & N. R. CO.

### (3 Div. 508.)

(Supreme Court of Alabama.   June 9, 1921.
Rehearing Granted Oct. 6, 1921.)

1. **Railroads ⬦⟿5½, New, vol. 6A Key-No. Series—Federal government liable for injury during its control.**

Where railroad and train which caused an injury were in the exclusive control of the United States government under Act Cong. Aug. 29, 1916 (U. S. Comp. St. § 1974a), it alone was liable.

2. **Railroads ⬦⟿5½, New, vol. 6A Key-No. Series—Federal agent suable for injury during control by government.**

A suit brought after the return of the railroad to its owners for injuries occurring during federal control should be commenced against the Agent designated by the President according to Transportation Act 1920, § 206(a).

3. **Parties ⬦⟿62—Entire change of parties may not be made by amendment.**

Where, in a suit for injury sustained through the negligence of a railroad during the period it was under control of government, suit was improperly brought against the railroad instead of against the agent designated by the President to defend suits after the government had released the control to the owners, it is not proper to amend the complaint by striking out the name of the railroad company and inserting the name of the agent.

4. **Railroads ⬦⟿5½, New, vol. 6A Key-No. Series—Substitution of federal agent as defendant in suit filed after termination of federal control unauthorized.**

Under the Transportation Act 1920, § 206, directing that actions arising during federal control should be brought against the designated agent, and that in suits pending when control terminated the agent may be substituted, as defendant does not authorize such substitution in a suit brought after the termination of federal control.

Appeal from Circuit Court, Escambia County; A. E. Gamble, Judge.

Action by Carrie K. Currie, doing business as the Atmore Milling & Elevator Company, against the Louisville & Nashville Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed. ·

H. C. Rankin and Leon G. Brooks, both of Brewton, for appellant.

The trial court erred in overruling demurrers to plea Z. 17 Ala. App. 35, 81 South. 417; 204 Ala. 150, 85 South. 372; 119 Miss. 328, 80 South. 770, 4 A. L. R. 1680; 208 Mich. 403, 175 N. W. 580, 8 A. L. R. 969; 86 W. Va. 192, 103 S. E. 206, 10 A. L. R. 956; Crim. v. L. & N., ante, p. 110, 89 South. 376. Trial court erred in overruling plaintiff's motion to substitute John Barton Payne. Gen.

Orders, No. 50 and 50a; Transportation Act 1920, § 206; (Wis.) 179 N. W. 985, and authorities supra.

Hamilton, Page & Caffey, of Brewton, and George W. Jones, of Montgomery, for appellee.

The sole right to bring this suit arose out of Transportation Act Feb. 1920, which requires that suit be brought against the agent designated by the government. 250 U. S. 135, 39 Sup. Ct. 502, 63 L. Ed. 897; 203 Ala. 675, 85 South. 10; 17 Ala. App. 374, 86 South. 154; 188 Ky. 834, 224 S. W. 459; (D. C.) 267 Fed. 598. To substitute John Barton Payne would have been a complete change of party. Section 5367, Code 1907; 85 South. 880; 145 Ala. 617, 39 South. 576.

MILLER, J. This suit was filed by Carrie K. Currie, doing business as the Atmore Milling & Elevator Company, against the Louisville & Nashville Railroad Company, a corporation.

The cause of action arose when the United States government had control of and was operating the railroad.

[1] The defendant filed plea in substance that when the injury occurred its railroad and train were in the exclusive possession and control of the United States government, operated for the government by the Director General of Railroads under an act of Congress (U. S. Comp. St. § 1974a), that, before the suit was filed, the defendant's railroad had been returned to it by virtue of the act of Congress of February 28, 1920, known as the Transportation Act (41 Stat. 456); that the President under said act designated John Barton Payne as the Agent of the Government who might be sued for causes of action arising during the federal control of the railroad; that this suit should have been commenced against him, and not this defendant. ·

The court overruled demurrers of plaintiff to this plea. In this there was no error.

When the cause of action arose and the injury occurred the railroad and train which caused the alleged injury were in the exclusive possession, control, and management of the United States government under an act of Congress. The federal government alone was subject to liability. Its designated agent was the only proper party defendant. The Louisville & Nashville Railroad Company, defendant, was not liable for the injury. Wiley Charlton v. A. G. S. R. R. Co., 89 South. 710;[1] Mo. Pac. R. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. ——; Candidate v. West. U. Tel. Co., 203 Ala. 675, 85 South. 10.

[2] When this railroad was returned to the defendant by the federal government under act of Congress of February 28, 1920, as

the act provided, the President designated John Barton Payne as the agent to be sued on all causes of action arising during the time of the federal control of railroads. This suit should have been commenced against him at the time it was filed. Wiley Charlton v. A. G. S. R. R. Co., 89 South. 710;[1] Mo. Pac. R. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. ——; section 206 (a), Transportation Act of February 28, 1920, of Congress.

[3] When the court overruled the demurrers to this plea, the plaintiff filed written motion to substitute as sole party defendant to this cause John Barton Payne, the officer or agent of the government designated by the President against whom this suit might have been filed. This motion was refused by the court. Our amendment statutes are liberal; but no amendment striking out the sole party defendant and substituting another is permissible. There cannot be an entire change of parties—plaintiff or defendant—by amendment.

[4] After the termination of federal control, the act of Congress directs suits to be brought against the agent designated by the President on actions arising during the government's control and in suits filed before the act of Congress, pending when the federal control terminated, this designated agent may be substituted. Section 206 of Transportation Act of Congress.

This cause of action arose in April, 1919, during federal control of railroads. The railroads were returned to the owners by act of Congress on February 28, 1920; and under this act John Barton Payne was designated as the Agent to be sued. This was done before this suit was filed. This was not a pending suit at the time. This suit was filed against this defendant on April 14, 1920. The substitution of the designated Agent for the defendant in all pending suits as authorized by the act is not applicable to this case. This was not a pending suit when the federal control terminated. It should have been filed against John Barton Payne, Director General of Railroads. It was filed against the Louisville & Nashville Railroad Company. A granting of the motion to substitute John Barton Payne, the Agent designated by the President, as the sole party defendant, would work an entire change of the party defendant and thereby offend our amendment laws, and this substitution is not authorized under the federal act of Congress, as it was not a pending cause when the federal control terminated. Hence there was no error in refusing the motion. Section 206 of Transportation Act Feb. 28, 1920; Mo. Pac. R. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. ——; section 5367, Code 1907; Leaird v. Moore, 27 Ala. 326; Davis Ave. R. R. Co. v. Patrick Mallon, 57 Ala.

168; Rarden Mer. Co. v. Whiteside, 145 Ala. 617, 39 South. 576; McDougal v. L. & N. R. R. Co., 17 Ala. App. 468, 85 South. 880.

We find no error in the record.

Application for rehearing granted. Judgment of reversal set aside and affirmed.

All Justices concur.