### JAMES v. DAVIS, Director General of Railroads. (6 Div. 684.)

(Supreme Court of Alabama. Jan. 11, 1923. Rehearing Denied Feb. 1, 1923.)

**1. Railroads ⬡5½, New, vol. 6A Key-No. Series—Company not suable for injuries caused during federal control.**

Actions for personal injuries inflicted in the operation of railroads by the Director General, while the railroads were under government control, lay against the Director General only.

**2. Parties ⬡59(1)—Joining Agent appointed by President as party defendant in action for injuries by railroads under government control held to make complaint demurrable as change of parties.**

Under the statute of amendment, permitting no entire change of parties, where an action for personal injuries inflicted by the operation of railroads under government control was brought against the railroads, an amendment of the complaint making the Agent appointed by the President to defend suits growing out of the operation of railroads a party, was subject to the objection raised by demurrer that such amendment made a change of parties, Transportation Act Cong. Feb. 28, 1920, § 206, providing that actions begun against the Director General of Railroads might be brought against such Agent not applying because the original action brought against the railroads was not within the statute, and was not maintainable, regardless of the amendment seeking to join the Agent appointed by the President.

**3. Appeal and error ⬡854(3)—Fact that appellate court based same decision as trial court on different grounds held not to require reversal.**

On appeal in an action against railroads for personal injuries sustained during federal control, a judgment sustaining a demurrer to the complaint on the ground that the cause of action was barred by a one-year statute of limitations, which was an objection going to the merits of the action, will not be reversed because the appellate court sustained the judgment on the ground that an amendment of the complaint making the agent designated by the President a party defendant, in pursuance of Transportation Act Cong. Feb. 28, 1920, § 206, was a change of parties, contrary to the statute relating to amendments.

### On Rehearing.

**4. Parties ⬡59(1)—Whether suit for injuries sustained during government control was brought before or after return of railroads to owners held immaterial.**

Where, in an action against railroads for injuries sustained during government control, the agent designated by the President, in pursuance of Transportation Act Cong. Feb. 28, 1920, § 206, to defend actions growing out of such control, was joined as a party defendant by amending the complaint, the complaint was subject to demurrer on the ground that such amendment constituted a change of parties contrary to the statute relating to amendments, whether the action was brought before or after the government returned the railroads to their owners being immaterial.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action by Ethel James against James C. Davis, as Director General of Railroads. Following the ruling of the court sustaining demurrer to the complaint, plaintiff suffers judgment and appeals. Affirmed.

Brown & Denson, of Birmingham, for appellant.

Courts take judicial knowledge of the designation of the Agent under the Transportation Act. 205 Ala. 355, 87 South. 603, 13 A. L. R. 1020. The defense of the statute of limitations, if such exists, must be made by plea, and cannot be made by demurrer to the complaint. 197 Ala. 393, 73 South. 28; 121 Ala. 446, 25 South. 841; 116 Ala. 576, 22 South. 984; 67 Ala. 508; 66 Ala. 472; 149 Ala. 354, 43 South. 15; 148 Ala. 51, 41 South. 814. Section 206 of the Transportation Act provides that actions pending at the termination of federal control shall not abate, but may be prosecuted to judgment, substituting the Agent designated by the President. 44 U. S. Stat. 462; U. S. Stat. Ann. Supp. 1920, p. 77; 256 U. S. 141, 41 Sup. Ct. 458, 65 L. Ed. 865, 16 A. L. R. 165; 287 Mo. 535, 229 S. W. 795; 25 Ga. App. 730, 104 S. E. 917; 149 Minn. 210, 183 N. W. 519; 270 Fed. 132; 206 Ala. 402, 90 South. 313, 19 A. L. R. 675; 172 Wis. 438, 179 N. W. 577, 985; 43 S. D. 161, 178 N. W. 293; (Tex. Civ. App.) 231 S. W. 417; 185 N. W. 495; 184 N. W. 673. The case was a pending action within the meaning of the statute. (Mass.) 136 N. E. 380; 287 Mo. 535, 229 S. W. 790; 25 Ga. App. 730, 104 S. E. 917; 172 Wis. 438, 179 N. W. 577, 985; 147 Minn. 205, 179 N. W. 905; 43 S. D. 161, 178 N. W. 293. No time is prescribed within which the substitution may be made under section 206 of the Transportation Act. (N. C.) 113 S. E. 595; 205 Ala. 298, 87 South. 810; 204 Ala. 150, 85 South. 372; 206 Ala. 110, 89 South. 376; 202 Ala. 502, 80 South. 790; 79 Ala. 444. The government is the real defendant, the person named is merely the nominal defendant, and nominal parties may be charged. 256 U. S. 141, 41 Sup. Ct. 458, 65 L. Ed. 865, 16 A. L. R. 165; (Sup.) 174 N. Y. Supp. 536; 127 Ala. 581, 30 South. 524.

Smith, Wilkinson & Smith and Tillman, Bradley & Baldwin, all of Birmingham, for appellee.

Where a railroad corporation is wrongfully sued in an action arising out of the operation of such corporation's property by the United States government during federal

control, such corporation should, on motion, be stricken as a party defendant. 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087; 85 South. 880; 206 Ala. 341, 89 South. 710; 17 Ala. App. 623, 88 South. 196. The statute of limitations in actions against the government under the Transportation Act of 1920 is not a defense that must be set up by special plea, but goes to the merits of the action itself, and may be raised by demurrer, where the complaint shows on its face that the action is brought too late to come within the terms of the government's consent to be sued. 25 Cyc. 1398; (Cal. App.) 199 Pac. 861; 123 U. S. 227, 8 Sup. Ct. 82, 31 L. Ed. 128; 236 U. S. 662, 35 Sup. Ct. 444, 59 L. Ed. 774; 205 Ala. 355, 87 South. 603, 13 A. L. R. 1020; Transportation Act 1920, Fed. Stat. Ann. 1920, p. 72; 41 Stat. 456 et seq. Even if the demurrer to the complaint as last amended should have been overruled, the action of the court in sustaining the demurrers was without injury to the appellant, for the reason that the then remaining defendant's motion to strike the complaint as last amended should have been granted, and even before this motion was filed the court should have sustained the defendant's objection to the filing of the amendment making the Agent under the Transportation Act of 1920 a party defendant. Supreme Court rule 45, 61 South. ix; 16 Ala. App. 374, 77 South. 986; 203 Ala. 627, 84 South. 827; 16 Ala. App. 571, 80 South. 145. Even had Walker D. Hines, as Agent under the Transportation Act of 1920, been made a party defendant prior to his resignation as such Agent, the plaintiff could not, after the expiration of 12 months from such resignation have made Hines' successor a party defendant. Act Cong. Feb. 8, 1899, c. 121, 30 U. S. Stat. 822; section 206 (d), Transportation Act 1920, Fed. Stat. Anno. 1920, p. 72, 41 Stat. 462; 253 U. S. 217, 40 Sup. Ct. 510, 64 L. Ed. 869.

SAYRE, J. [1, 2] Plaintiff, appellant, commenced this action December 10, 1919, against the Louisville & Nashville and the Alabama Great Southern Railroad Companies. Plaintiff sought to recover damages for personal injuries alleged to have been inflicted by defendants in the operation of a train upon their tracks June 23, 1919. On both the dates noted above, the railroad properties of the defendant companies were being operated by the Director General of Railroads for the government of the United States, and for injuries inflicted as alleged in plaintiff's declaration action lay against the Director General only. Charlton v. A. G. S., 206 Ala. 341, 89 South. 710; Currie v. L. & N., 206 Ala. 402, 90 South. 313, 19 A. L. R. 675, March 23, 1920, after the railroads had been returned to their owners, plaintiff, was allowed to amend her complaint by adding the Atlanta, Birmingham & Atlantic Railroad Company, Walker D. Hines, Director General, and Walker D.

Hines, Agent, as parties defendant. Summons to bring in the new parties was returned, March 27, 1920, by the sheriff, as executed on W. E. Whitaker, agent of the Atlanta. Birmingham & Atlantic Company, on Walker D. Hines, as Agent, by leaving a copy with "V. E. Whitaker, agent of the said Walker D. Hines," and as to Hines as Director General the return was "not found." At the time of this amendment, Hines was still Director General of Railroads; but the act of Congress, approved February 28, 1920 (41 Stat. 461) had provided that—

"Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the act of August 29, 1916 [U. S. Comp. St. 1918 (Compact Ed.) § 1974a]) of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control, be brought against an agent designated by the President for the purpose, which agent shall be designated by the President within thirty days after the passage of this act. Such actions, suits or proceedings may, within the periods of limitation now prescribed by state or federal statutes but not later than two years from the date of the passage of this act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier." Section 206.

At the date of the amendment purporting to bring in new parties, "Walker D. Hines, Director General of Railroads, and his successor in office," had been designated as the Agent provided for in section 206 above quoted.

January 16, 1922, plaintiff amended by substituting "James C. Davis, as Agent appointed by the President of the United States, appointed under the Transportation Act of February 28, 1920 [section 206, supra], in lieu of the defendant Walker D. Hines," Director General and Agent, etc., said Davis having before that time been designated in succession as Director General and as Agent, for the purpose in hand.

On the same day the court, on motion of the several defendant railroad companies, struck their names as parties defendant, and, upon the same day, as appears from the judgment entry, the court sustained the demurrer, that day filed by James C. Davis, Agent, etc., on its second ground, viz.: That it appeared from the complaint that the complaint showed on its face that the cause of action was barred by the statute of limitation of one year.

That the railroad companies were not suable for the injury alleged in the complaint has been firmly settled in the decisions of this court. See authorities cited above. It is also well settled that under our statute

of amendment there can be no entire change of parties. Rarden Mercantile Co. v. Whiteside, 145 Ala. 617, 39 So. 576, and the cases there cited. That the effort here was to bring in an entirely new party is made manifest by the considerations which induced the decisions in Charlton v. A. G. S., and Currie v. L. & N., supra. It is true that subdivision (d) of section 206 (quoted supra) of the Transportation Act of 1920 provides that—

"Actions, suits, proceedings, and reparation claims, of the character above described pending at the termination of federal control shall not abate by reason of such termination, but may be prosecuted to final judgment, substituting the Agent designated by the President under subdivision (a)."

But, as decided in Currie v. L. & N., supra, the original complaint in this cause did not evidence a suit pending within the meaning of the federal statute, for the reason that no suit would lie against the railroad companies, and in Rarden Mercantile Co. v. Whiteside, supra, this court stated satisfactory reason, applicable to the case in hand, why the fact that there was an amendment seeking to bring in Hines, as Director General, before the original defendants were stricken, left plaintiff in no better case than she would have been in had all original parties defendant been stricken prior to the amendment. The court perceives no sufficient reason why now it should refuse to follow the several adjudications to which we have had occasion to refer.

[3] In the peculiar circumstances of this case the court attaches no importance to the method by which the result has been reached. The trial court sustained Davis' demurrer on the ground stated above and none other. We place our judgment on a different ground. The defendant Davis had objected to the allowance of the amendment bringing him into the case on the ground that such an amendment worked an entire change of parties as well as upon the ground afterwards stated in the demurrer and sustained by the court, viz.: That any action against him was barred by the statute of limitation of one year. In this case the objection on the ground of the statute of limitation went to the merits of plaintiff's action. L. & N. v. Echols, 203 Ala. 627, 84 South. 827; U. S. v. Oregon Lumber Co., 43 Sup. Ct. 100, 67 L. Ed. ——. We do not care to say at this time that the last-stated ground was well taken; but the objection on the ground that the amendment worked an entire change of parties properly raised the question of the

liability of the defendant Davis (Springfield Ins. Co. v. De Jarnett, 111 Ala. 256, 19 South. 995), and should have been sustained—this at a time when plaintiff's action could not be renewed or maintained because no longer having merit. The result of the court's ruling was proper, whatever may be said of the method by which it was brought about, that result is now conclusive against plaintiff's case, and it could serve no possible good purpose to order a reversal.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

On Rehearing.

SAYRE, J. [4] Whether this action was brought before or after the government returned the railroads to their owners is, in our opinion, of no consequence. The fact is that plaintiff's injury was suffered while the government was operating the railroad on which it occurred, and the suit, under the ruling of the Supreme Court of the United States, could be maintained against the Director General only, or, after the act of Congress of February 28, 1920, against the Agent designated by the President for that purpose. The question here is whether an action brought in the first place against the railroad alone could by amendment be converted into an action against the Director General, or the agent who succeeded him, as sole party defendant. The decisions of this court from the beginning are clear, to the effect that plaintiff's (appellant's) contention cannot be sustained. Appellant calls our special attention to the case of Ætna Mills v. Davis (Mass.) 136 N. E. 380. In that case the Supreme Judicial Court of Massachusetts hold differently. But that decision is rested upon the practice act of that state. In the case at bar, however much it may be regretted that appellant has lost the opportunity to have her claim tried upon its merits, the result has been brought about by her failure to sue the responsible defendant while yet there was opportunity to bring such suit, by the decision of the Supreme Court of the United States in Mo. Pac. R. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087, and by a long line of decisions by this court, from which we feel that we have no satisfactory reason for departing at this time.

Application overruled.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.