(95 South. 354)

## HOWARD v. DAVIS, Director General of Railroads. (7 Div. 356.)

(Supreme Court of Alabama. Feb. 8, 1923.)

**1. Railroads ⬥5½, New, Vol. 6A Key-No. Series—Damages for death caused by federal railroad not recoverable.**

The Director General's Order No. 50, directing the manner of bringing suits, and providing that the order shall not apply to suits for penalties, does not authorize an action under the homicide statute (Code 1907, § 2486) for death caused by the operation of a railroad by the government under Federal Control Act March 21, 1918 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p); the damages recoverable under the statute being purely punitive.

**2. Courts ⬥97(1)—State Supreme Court must bow to authority of United States Supreme Court in deciding federal questions.**

The state Supreme Court must bow to the authority of the United States Supreme Court in deciding federal questions.

Sayre and Gardner, JJ., dissenting.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action by D. A. Howard, as administrator of the estate of J. R. Howard, deceased, against James C. Davis, Director General of Railroads, as Agent designated under the Transportation Act (41 Stat. 456). Following the action of the court in sustaining demurrers to the complaint, plaintiff takes a nonsuit and appeals. Affirmed.

Charles A. Calhoun and John T. Glover, both of Birmingham, for appellant.

The Transportation Act did not impair, but preserved, the rights of litigants to prosecute to judgment any cause of action against the Director General. 25 Ga. App. 272, 103 S. E. 97; (D. C.) 260 Fed. 681; 233 Mass. 162, 123 N. E. 624. The damages recoverable under section 2486 are not penal. 122 Ala. 489, 26 South. 168; 9 Ala. App. 195, 62 South. 397. An action under that statute may be maintained against the federal Agent. (Mo. Sup.) 239 S. W. 471.

Goodhue & Goodhue, of Gadsden, for appellee.

The United States government, acting through the Director General, is not answerable in damages, which are entirely punitive. 206 Ala. 591, 91 South. 575; 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087; 87 South. 882; 125 Ala. 593, 28 South. 510; 97 Ala. 289, 11 South. 800; 58 Ala. 680; 171 Ala. 609, 55 South. 104, Ann. Cas. 1913B, 225.

ANDERSON, C. J. [1] The sole question involved in this appeal is whether or not an action under the homicide statute (section 2486 of the Code of 1907) can be maintained when the death was caused while the railroads were being operated by the government through the Director General, under the act of Congress known as the "Federal Control Act," approved March 21, 1918 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p), and the general orders of the Director General made pursuant thereto. Order No. 50, directing how suits may be brought for injuries arising from the operation of railroads while under government control, among other things provides:

"That this order shall not apply to actions, suits, or proceedings for the recovery of fines, penalties and forfeitures."

Our court has repeatedly held that the damages recoverable under the homicide statute are not compensatory, but purely punitive, and are intended as a punishment for the wrong, and the Supreme Court of the United States in the case of Mo. Pac. R. R. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087, has interpreted Order No. 50 as authorizing a recovery for compensatory damages alone, thereby excluding punitive damages. The opinion says:

"Wherever the law permitted compensatory damages they may be collected against the carrier while under federal control. Such damages may reasonably include interest and costs. See Hines v. Taylor, 79 Fla. 218, 84 South. 381. But double damages, penalties and forfeitures, *which do not merely compensate, but punish*, are not within the purview of the statute." (Italics supplied).

Indeed, this question has been foreclosed against the appellant's contention in our recent case of Payne, Director General, v. Smitherman, 206 Ala. 591, 91 South. 575, where we were constrained, under the in-

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fluence of the Mo. Pac. Case, supra, to hold that punitive damages were not recoverable against the Director General for injuries sustained from the operation of railroads while under government control.

[2] It is true that in the case of Sou. Ry. Co. v. Bush, 122 Ala. 470, 26 South. 168, this court held that the homicide statute was not such a penal one, strictly speaking, as to excuse answering interrogatories under the constitutional provision there invoked, but it did not hold that the damages recoverable were not punitive as distinguished from compensatory, just as the Arkansas court held that the statute involved in the Mo. Pac. R. R. Case, supra, "technically" did not prescribe a penalty, yet the Supreme Court of the United States held that, whatever name may be applied to it by the state court, it presented the question of federal, and not of state, law, and that the element of punishment clearly predominated, while the damages provided by our statute, as construed by many decisions of this court, are entirely punitive. As suggested by counsel for the appellant, this result renders our homicide statute abortive and inoperative as to deaths caused by the operation of railroads while under federal control; but we must bow to the highest authority in deciding federal questions, and "Render, therefore, unto Cæsar the things which are Cæsar's."

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, THOMAS, and MILLER, JJ., concur.

SAYRE and GARDNER, JJ., dissent.