(98 South. 792)

## HEIDTMUELLER v. LOUISVILLE & N. R. CO. et al. (6 Div. 736.)

(Supreme Court of Alabama. Jan. 17, 1924.)

1. Parties ☞59(1)—Railroads ☞5½, New, vol. 6A Key-No. Series—Not suable for injuries caused during federal control; adding government as party defendant held unauthorized change of parties.

A railroad is not suable for injuries caused during federal control, and subsequently joining the government Agent as party defendant made the complaint against the railroad demurrable as a change of parties.

2. Parties ☞93(2)—Filing demurrer to complaint, amended by entire change of parties, waived the departure.

A departure by amending the complaint to entirely change the parties was waived by filing demurrer without objecting to the change.

3. Railroads ☞5½, New, vol. 6A Key-No. Series—Action not maintainable under statute for death caused during federal control.

Code 1907, § 2486, permitting administrators to sue the railroad for punitive damages, for unlawful death of testator or intestate, does not authorize action arising during federal control of railroads, since only compensatory damages were recoverable against the Director General. ◆

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Action for damages by Eddie Heidtmueller, as administrator of the estate of Theodore Heidtmueller, deceased, against the Louis-ville & Nashville Railroad Company, J. D. Jessie, and James C. Davis, as Agent under the Transportation Act (U. S. Comp. St. Ann. Supp. 1923, § 1007¼ et seq.). From a judgment for defendant, plaintiff appeals. Affirmed.

See, also, post, p. 548, 98 South. 791.

Paine Denson, of Cullman, for appellant.

It was error to sustain demurrer to count E of the complaint; compensatory damages are recoverable under section 2486 of the Code. King v. Henkie, 80 Ala. 508, 60 Am. Rep. 119; 17 C. J. 1318; Mich. Cent. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 67 L. Ed. 417, Ann. Cas. 1914C, 176; Mo. Pac. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087; Sloss Co. v. Draine, 160 Fed. 780, 88 C. C. A. 34; So. Ry. v. Bush, 122 Ala. 470, 26 South. 168; Ex parte Pepper, 185 Ala. 293, 64 South. 112.

Eyster & Eyster, of Albany, and A. A. Griffith, of Cullman, for appellees.

Plaintiff cannot recover a penalty of the United States government; demurrer was correctly sustained. Ala. Power Co. v. Stogner, 208 Ala. 666, 95 South. 155; James v. Davis, 209 Ala. 87, 95 South. 346; Steele v. Booker, 205 Ala. 210, 87 South. 203; L. & N. R. R. Co. v. Heidtmueller, 206 Ala. 29, 89 South. 191; Crim v. L. & N. R. R. Co., 206 Ala. 113, 89 South. 376; Currie v. L. & N. R. Co., 206 Ala. 402, 90 South. 313, 19 A. L. R. 675; Payne v. Smitherman, 206 Ala. 591, 91 South. 575; Mo. Pac. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1091; Norfolk-So. R. R. Co. v. Owens, 256 U. S. 565, 41 Sup. Ct. 597, 65 L. Ed. 1093; A., B. & A. Ry. Co. v. McGill, 194 Ala. 186, 69 South. 874; Watson v. B. B. Ry. Co., 209 Ala. 413, 96 South. 257.

THOMAS, J. The first appeal in this case is reported as L. & N. R. Co. v. Heidtmueller, 206 Ala. 29, 89 South. 191. Each count of the complaint as originally filed and as amended sought to recover punitive damages under section 2486 of the Code of 1907. Alabama Power Co. v. Stogner, 208 Ala. 666, 95 South. 151.

After the case was reversed and remanded to the circuit court, there was an attempt to conform to the holding in Mo. Pac. R. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087. On motion of the railroad company the case was dismissed as to it, and James C. Davis, as Agent of the United States, was, without objection, substituted as a party defendant. As such he appeared, filed demurrer, and the case was continued for that term of the circuit court.

It should be stated, of the original status as to parties defendant, that they were Louisville & Nashville Railroad Company, a corporation, and J. D. Jessie, the engineer in

charge of its locomotive running into or against plaintiff's intestate; and each of said parties filed demurrer to the complaint. On December 28, 1918, the motion and notice of defendant Louisville & Nashville Railroad Company's attorneys was to the effect that under General Order No. 50 it would substitute "W. G. McAdoo as Director General of Railroads as a party defendant for and in the place of the Louisville & Nashville Railroad Company as a party defendant and to dismiss said cause as against the said Louisville & Nashville Railroad Company as a defendant;" and on February 13 the motion was made (by Louisville & Nashville Railroad Company) to substitute Walker D. Hines, as Director General, etc., which was overruled on February 14, 1919. Additional demurrers were filed by defendants Louisville & Nashville Railroad Company and J. D. Jessie on the same day, and sustained to some counts of the complaint and overruled as to other counts. Pleas were filed, and demurrer sustained thereto. The first trial resulted in verdict and judgment for plaintiff, appeal, reversal, and remandment of the case January 13, and the application for a rehearing was denied on May 16, 1921.

At the July term, 1921, of the court, the Louisville & Nashville Railroad Company, having withdrawn all its pleadings, filed "motion to dismiss this suit as to it," and that motion was "granted, and said cause dismissed as to the defendant Louisville & Nashville Railroad Company, and plaintiff excepts. Thereupon plaintiff amends his complaint by adding James Davis, as Agent of the United States, etc., as a party defendant; and the cause was continued by the plaintiff." No assignment of error challenges the action of the trial court in granting the motion to dismiss the suit as to Louisville & Nashville Railroad Company.

Thereafter the defendants shown by the record proper were "James Davis, Agent, under Transportation Act, etc., and J. D. Jessie." On January 3, 1922, said Davis, as Agent, moved the court to require plaintiff to elect between two causes pending, and claiming damages for the same injury, between the same parties, which motion was overruled; and demurrers to several counts of the complaint as amended were sustained. Thereupon the judgment entry of date January 4, 1923, recites:

"Plaintiff amends complaint by striking out J. D. Jessie and by adding counts E and F. Thereupon defendant files demurrers to the complaint as last amended, which said demurrers being submitted to the court, and duly considered and understood by the court, it is ordered and adjudged by the court that said demurrers be and hereby are sustained. And, the plaintiff declining to plead further, it is considered and adjudged by the court, that judgment be and hereby is rendered for the defendant in this cause."

Wherefore the appeal by plaintiff.

[1, 2] The cases of James v. Davis, Director General, 209 Ala. 87, 95 South. 346, Charlton v. A. G. S. R. Co., 206 Ala. 341, 89 South. 710, and Currie v. L. & N. R. Co., 206 Ala. 402, 90 South. 313, 19 A. L. R. 675, declare that the railroad is not suable for injuries caused during federal control, and that joining the government Agent as a party defendant in such action makes the complaint demurrable as a change of parties. Petition for writ of certiorari was denied by the Supreme Court of the United States in the case of James v. Davis, as Agent (May 21, 1923) 262 U. S. 752, 43 Sup. Ct. 701, 67 L. Ed. 661. See, also, Watson v. B. B. R. Co., 209 Ala. 413, 96 South. 257. However, the record shows that after the last amendment of the complaint, striking therefrom the codefendant Jessie and adding counts E. and F, Davis, as Agent, defendant filed demurrers thereto without objecting to an entire change of parties. And it was these demurrers that were sustained. Plaintiff declined to plead further, and judgment was rendered for defendant. Thus the departure by amendment was waived.

[3] The real question of moment is presented by the sustaining of demurrer to count E of the complaint, as last amended, after the striking therefrom of J. D. Jessie as a party defendant. If the action was then for the recovery of a penalty, the ruling of the trial court was justified under decisions of this court and the Supreme Court of the United States. Mo. Pac. R. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1091; Norfolk-Southern R. Co. v. Owens, 256 U. S. 565, 41 Sup. Ct. 597, 65 L. Ed. 1093; Alabama Power Co. v. Stognor, 208 Ala. 666, 95 South. 151; L. & N. R. Co. v. Heidtmueller, 206 Ala. 29, 89 South, 191; Crim v. L. & N. R. R. Co., 206 Ala. 110, 89 South. 376; Currie v. L. & N. R. Co., 206 Ala. 402, 90 South. 313, 19 A. L. R. 675; Payne, Director General, v. Smitherman, 206 Ala. 591, 91 South. 575; A. B. & A. Ry. Co. v. McGill, 194 Ala. 186, 69 South. 874.

In Howard v. Davis, Director General, 209 Ala. 113, 95 South. 354, three propositions were again announced: (1) That, for personal injuries inflicted in the operation of railroads by the Director General, the action lay against the Director General or the government's Agent only; (2) that joining the Agent appointed by the President as a party defendant in such action brought against the railroad, for such injuries, made the complaint demurrable as for change of parties; and (3) whether the suit for such injuries so sustained was brought before or after the return of the railroads to their owners was immaterial.

The right of the administrator to sue is by reason of the statute, and, as it has been construed in this state, provides for punitive

damages only. Alabama Power Co. v. Stognor, 208 Ala. 666, 95 South. 151. In Payne, Director General, v. Smitherman, 206 Ala. 591, 91 South. 575, the suit was by the party injured, and it was held that under a wanton count plaintiff could recover compensatory damages (Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 South. 74), and that punitive damages were not recoverable against the Director General for injuries sustained from the operation of railroads while under government control. The damages recoverable under section 2486 of the Code being "purely punitive," the demurrer challenging the sufficiency of count E was properly sustained.

The expressions contained in Southern Ry. Co. v. Bush, 122 Ala. 470, 488, 26 South. 168, and like cases, were adverted to in the Howard Case, supra; and we are of opinion that the demurrers to the several counts of the complaint as amended were properly sustained.

The judgment of the circuit court is affirmed.

Affirmed.


ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.